# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**TIMOTHY DEMEUSE,**
on behalf of himself and all
others similarly situated,

        **Plaintiffs,**

v.

**COMMUNITY TRAFFIC CONTROL, LLC,**

        **Defendant.**

CASE NO. 16-cv-651

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Representative Plaintiff Timothy Demeuse, on behalf of himself and all other similarly situated current and former employees who worked as hourly employees who worked on prevailing wage work for Defendants, Community Traffic Control, LLC ("Community Traffic"). Under Community Traffic's uniform compensation policies and practices, Community Traffic failed and refused to properly compensate its hourly employees who worked on prevailing wage work at the proper overtime rate for hours worked in excess of forty hours in a workweek.

2. Community Traffic provides traffic control services for roadway construction projects.

3. Demeuse brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to the Fair Labor Standards Act of

1938, as amended, (FLSA) for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. Demeuse also brings this action, on behalf of himself and other similarly situated current and former employees, as a class action pursuant to FED. R. CIV. P. 23 for the purpose of obtaining relief under Wisconsin state law for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United Stated Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Community Traffic has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Community Traffic Control, LLC is a Wisconsin Limited Liability Company with its principal place of business at 4701 West Mill Road, Milwaukee, Wisconsin 53218.

8. Demeuse is a former employee of Community Traffic who worked as an hourly employee working on prevailing wage work within three years from the date of filing this Complaint.

9. Demeuse brings this action on behalf of himself and all other similarly situated current and former employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by Community Traffic as an hourly employee who performed prevailing wage work during a workweek in which that employee worked in excess of forty hours, within three years prior to this action's filing date, without receiving compensation for each hour worked over forty in a workweek.

10. Demeuse brings this action on behalf of himself and the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by Community Traffic as an hourly employee who performed prevailing wage work during a workweek in which that employee worked in excess of forty hours, within two years prior to this action's filing date, without receiving compensation for each hour worked over forty in a workweek.

11. The Collective Class and the Wisconsin Class are collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

12. Demeuse and the Collective Class work, or have worked, for Community Traffic as hourly employees who worked on prevailing wage work in a workweek in which they worked over forty hours, within the three years preceding the filing of this Complaint.

13. Demeuse and the Collective Class work, or have worked, for Community Traffic as hourly employees who worked on prevailing wage work in a workweek in which they worked over forty hours, within the two years preceding the filing of this Complaint.

14. Community Traffic employs members of the Collective and Wisconsin Classes to provide traffic control services for roadway construction projects.

15. Community Traffic employs members of the Collective and Wisconsin Classes to prepare construction zones on public roads and highways by cordoning off these zones and placing safety signs in the vicinity.

16. Since June 2, 2013, Demeuse and the members of the Collective and Wisconsin Classes are or were employed by Community Traffic as hourly employees preparing construction zones on public roads and highways.

17. Since June 2, 2013, Demeuse and the members of the Collective and Wisconsin Classes performed prevailing wage work on various projects for Community Traffic.

18. Since June 2, 2013, Community Traffic has uniformly paid members of the Collective and Wisconsin Classes two or more separate hourly rates – a lower rate for time spent in the shop before, after, or between projects ("shop time") and a significantly higher rate for time spent on prevailing wage projects ("prevailing wage time").

19. As an example, during the workweek of May 10, 2015 through May 16, 2015, Demeuse's shop time rate was $13.00 per hour and his prevailing wage rates ranged from $43.58 to $44.83.

20. Since June 2, 2013, Community Traffic has failed to pay the statutorily prescribed overtime premium compensation for all hours the members of the Wisconsin and Collective Classes worked over forty in a workweek.

21. Since June 2, 2013, Community Traffic has paid members of the Collective and Wisconsin Classes at time and one-half the shop time rate for hours worked over forty in a workweek.

22. Since June 2, 2013, Community Traffic has failed to include in the calculation of the regular rate the prevailing wage rate when paying members of the Collective and Wisconsin Classes overtime premium compensation.

23. During certain workweeks since June 2, 2013, members of the Collective and Wisconsin Classes generally worked approximately eight to twelve hours a day, five days a week for Community Traffic.

24. Members of the Collective and Wisconsin Classes have worked more than forty hours for Community Traffic in at least one workweek since June 2, 2013.

25. Community Traffic has failed and continues to fail to compensate members of the Collective and Wisconsin Classes at the proper overtime rate for each hour worked beyond forty hours in a workweek by failing to account for the higher prevailing wage rate in calculating the overtime rate.

26. In various workweeks since June 2, 2013, Demeuse has worked more than forty hours in a workweek for Community Traffic.

27. Specifically, during the workweek of May 10, 2015 through May 16, 2015, Demeuse worked 53.88 hours.

28. Demeuse was not compensated at a rate equal to time and one-half times his regular rate, including his prevailing wage rate, for all hours worked for Community Traffic in excess of forty hours in a workweek.

29. Specifically, during the workweek of May 10, 2015 through May 16, 2015, Demeuse was paid 11.9 hours of overtime at one and one-half the shop time rate ($19.50), rather than a blended rate. During that week, Demeuse did not work 11.9 hours in the shop at the end of the workweek.

30. Members of the Collective and Wisconsin Classes performed more than forty hours of work for Community Traffic in a workweek in various workweeks since June 2, 2013.

31. During weeks when members of the Collective and Wisconsin Classes performed more than forty hours of work in a workweek for Community Traffic since June 2, 2013, they were not paid time and one-half times their regular rate of compensation, including their prevailing wage rate, for each hour worked over forty hours.

32. During weeks when members of the Collective Class performed more than forty hours of work in a workweek for Community Traffic, the Collective Class members were not provided proper compensation for each hour over forty hours.

33. Community Traffic suffered or permitted Demeuse, the Collective Class, and the Wisconsin Class to work without being paid appropriate compensation for each hour worked.

34. Community Traffic's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Demeuse, the Collective Class, and the Wisconsin Class. Specifically, employees complained to Community Traffic regarding the illegality of the manner in which Community Traffic calculated overtime premium compensation and Community Traffic willfully refused to change its compensation practices.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35. Demeuse and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Community Traffic's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to compensate them for each hour worked including minimum and overtime compensation. The claims of Demeuse stated herein are the same as those of the Collective Class.

36. Demeuse and the Collective Class seek relief on a collective basis, challenging, among other FLSA violations, Community Traffic's practice of failing to properly pay employees for all hours worked, including overtime compensation.

37. The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily ascertainable from Community Traffic. Notice can be provided to the Collective Class via first class mail to the last address known to Community Traffic and through posting at Community Traffic's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

38. Demeuse brings his Wisconsin state law claims under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

39. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Community Traffic, upon information and belief, there are approximately forty members of the Wisconsin Class.

40. Demeuse's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice of Community Traffic and Community Traffic benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Demeuse and the

other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41. Demeuse is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class.

42. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Community Traffic's actions include, without limitation, the following:

1. Whether Community Traffic failed to pay members of the Wisconsin Class at the correct rate of compensation for all hours worked over forty of Wisconsin law;

2. Whether Community Traffic failed to include in the calculation of the overtime premium rate for the Wisconsin Class when the Wisconsin Class worked more than forty hours in a workweek; and

3. The nature and extent of class-wide injury and the measure of damages for the injury.

43. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

44. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938 as Amended**

45. Demeuse, individually and on behalf of the Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

46. Since June 2, 2013, Demeuse and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

47. Since June 2, 2013, Demeuse and the Collective Class have performed work which directly affect interstate commerce.

48. Since June 2, 2013, Defendant Community Traffic has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

49. Since June 2, 2013, Demeuse and the Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

50. Since June 2, 2013, Community Traffic has been an employer of Demeuse and the Collective Class within the meaning of 29 U.S.C. § 203(d).

51. Since June 2, 2013, Community Traffic has violated the FLSA by failing to properly compensate Demeuse and the Collective Class for each hour in which Community Traffic suffered or permitted them to perform work in excess of forty hours in a given workweek.

52. Demeuse and the Collective Class are entitled to damages equal to mandated overtime pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Community Traffic acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

53. Community Traffic's failure to properly compensate Demeuse and the Collective Class was willfully perpetrated and Demeuse and the Collective Class are therefore entitled to

recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Community Traffic did not act willfully in failing to pay overtime premium wages, Demeuse and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of Wage Laws

55. Demeuse, on behalf of himself and the Wisconsin Class, reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

56. Since June 2, 2014, Demeuse and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

57. Since June 2, 2014, Demeuse and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

58. Since June 2, 2014, Demeuse and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

59. Since June 2, 2014, Demeuse and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq*.

60. Since June 2, 2014, Demeuse and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

61. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

62. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

63. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

64. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01 *et seq*.

65. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 274.01 *et seq*.

66. Since June 2, 2014, Defendant Community Traffic has employed Demeuse and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 290.001 *et seq*.

67. Since June 2, 2014, Community Traffic's primary business falls under prevailing wage laws.

68. Since June 2, 2014, Community Traffic had and continue to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class minimum wage and overtime premium compensation.

69. Since June 2, 2014, Community Traffic failed to pay Demeuse and the Wisconsin Class any compensation for all hours worked in excess of forty hours a workweek, in violation of Wisconsin law.

70. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one (31) days prior to the date of payment.

71. Community Traffic failed to pay Demeuse and the Wisconsin Class at one and one-half the average wage rate that the employee received during the workweek. Rather, Community Traffic paid overtime compensation at one and one-half the shop time rate.

72. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin law.

73. As set forth above, Demeuse and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Community Traffic's violations. Accordingly, Demeuse, on behalf of himself and the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Community Traffic to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

74. Under Wis. Stat. § 109.11, Demeuse and the Wisconsin Class may be entitled to civil penalties equal and up to fifty percent of their unpaid wages.

75. Demeuse, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Community Traffic, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, it is respectfully requested that this Court grant the following relief:

a) At the earliest possible time, an Order designating this action as a collective action on behalf of the Collective Class and allowing issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest possible time, an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the proposed Wisconsin Class;

c) At the earliest possible time, an Order appointing Hawks Quindel S.C. as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) At the earliest possible time, an Order designating Timothy Demeuse as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

e) Leave to add additional Plaintiffs by Motion, the filing of written consent forms, or any other method approved by the Court;

f) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Community Traffic's actions as described in the Complaint as unlawful and in violation of Wisconsin law and applicable regulations and as willful as defined by Wisconsin law;

g) An Order finding that Community Traffic violated the FLSA and Wisconsin law;

h) An Order directing and requiring Community Traffic to pay damages in the form of reimbursement for unpaid wages at the applicable minimum wage, agreed upon wage, and/or overtime rates for all time spent performing compensable work for which Demeuse, the Collective Class, and the Wisconsin Class were not paid pursuant to the rate provided by the FLSA and Wisconsin Law;

i) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

k) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Demeuse hereby requests a trial by jury pursuant to FED.R.CIV.P. 38(b).

June 2, 2016               Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs

s/LARRY A. JOHNSON
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953
Attorneys for Plaintiffs
Hawks Quindel, S.C.
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail:     ljohnson@hq-law.com
            smurshid@hq-law.com
            tmaynard@hq-law.com