## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Timothy Demeuse ("Demeuse"), both individually and on behalf of the individuals who have joined, or will join, this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Community Traffic Control, LLC ("CTC").

## Recitals

WHEREAS, Demeuse alleges that CTC failed to pay him and CTC's other hourly employees who performed prevailing wage work overtime and agreed upon wages at the proper rate for all hours worked as a result of CTC's payroll practice of calculating the regular rate.

WHEREAS, CTC denies the allegations and denies liability.

WHEREAS, CTC has provided substantial data and information relevant to Demeuse's allegations to Demeuse's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties entered into arm's length negotiations over a period of four months and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Demeuse, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Demeuse and negotiated with CTC at arm's length throughout this matter to ensure that Demeuse, the Collective Class, and the putative Rule 23 Class are fairly compensated based on their allegations for time spent working for CTC from June 2, 2013, through November 1, 2015.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

### I. General Terms of Settlement

A. For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class"). For the purpose of settlement only, the Parties further agree to stipulate to a Collective Action pursuant to U.S.C. § 216(b) as defined in Section IV.A., below (the "Collective Action").

1

B.  In exchange for the Release of Claims and other promises contained herein, CTC will, in accordance with the manner and timing provided for in Sections III(A)–IV(G), below, make payments to Demeuse, the Collective Class, the Rule 23 Class, and Demeuse's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

C.  Demeuse understands and acknowledges that, although CTC is entering into this Agreement and making the payments hereunder, CTC does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A.  Demeuse's Release of Claims.

Demeuse hereby and forever completely releases and discharges CTC, from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Demeuse and CTC. Demeuse's release of claims against CTC, includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does not waive any claims Demeuse has against CTC under workers' compensation laws.

B.  Rule 23 Class Members Release of Claims.

   Upon final approval of this Settlement Agreement, the Rule 23 Class members will release their Wisconsin law claims against CTC for overtime and/or agreed upon wages arising from CTC's alleged failure to properly calculate the regular rate between June 2, 2013 and November 1, 2015, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274.

C.  Collective Class Members Release of Claims.

   Upon final approval of this Settlement Agreement, the Collective Class Members who have filed their consent forms with the Court release CTC for their FLSA, as well as their Wisconsin law claims overtime and/or agreed upon wages arising from CTC's alleged failure to properly calculate the regular rate between June 2, 2013 and November 1, 2015, including, but not limited to, those under Wis. Stats. Chapters 103, 104 and 109 and Wis. Admin Code §§ DWD 272 and 274.

D.  CTC's Release of Claims

   Upon final approval of this Settlement Agreement, CTC will release the Collective Class Members who have filed their consent forms with the Court, the Rule 23 Class Members, and Demeuse from any claim that CTC has regarding the calculation of wages due or alleged overpayment between June 2, 2013 and November 1, 2015.

E.  Acknowledgments and Agreement to Cooperate.

   Demeuse acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, overtime compensation, liquidated damages, civil penalties, compensatory and punitive damages, interest, and his legal fees and costs. Demeuse further agrees that this settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with CTC, inclusive of any claim for liquidated damages, and that CTC does not owe him any further compensation or any other amounts for work performed during his employment with CTC. Demeuse further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Demeuse agrees to direct his counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of

3

this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with CTC to seek judicial approval of this agreement, including preparation of court required pleadings.

### III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, CTC shall pay $82,750.00 less any funds that revert to CTC pursuant to Section IV(G)(4) in this Settlement Agreement (hereinafter referred to as the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, interest, and an enhancement payment to Demeuse as described below. If the Settlement Agreement is not approved by the Court, CTC will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. Allocation of the Settlement Fund.

1. Enhancement Payment - $5,000.00 of the Settlement Fund shall be allocated as an enhancement payment to Demeuse in recognition of him bringing this claim, serving as the named plaintiff and class representative, providing information to and assisting counsel in bringing this matter as a class action, his insistence that the matter be resolved on class-wide basis, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. CTC will issue an IRS Form 1099 to Demeuse for this enhancement payment.

2. Attorneys' fees - $27,583.33 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will move the Court for an award of attorneys' fees twenty-one (21) days prior to the Fairness Hearing.

3. Costs - $531.44 of the settlement fund shall be allocated as costs.

4. Settlement Class Funds – The remaining portion of the Settlement Fund, $49,635.23, shall be allocated among two separate funds:

   a. Wisconsin Settlement Fund – $24,817.61 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each Rule 23 Class Member shall receive a pro-rata share of the Rule 23 Settlement Fund in an amount not to exceed the

4

figure set forth for such Rule 23 Class Member in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. CTC will report the unpaid wages portion to each Rule 23 Class Member on an IRS Form W2. One-third shall be attributed to civil penalty and/or liquidated damages for which each Rule 23 Class Member will receive an IRS Form 1099 from CTC.

b. The FLSA Settlement Fund - $24,817.61 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opted into this matter shall receive a pro-rata share of the FLSA Settlement Fund in an amount set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. CTC will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from CTC.

## IV. Settlement Approval Process.

A. Stipulation to FED.R.CIV.P. 23 Class Certification and Collective Action pursuant to 29 U.S.C. § 216(b).

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following class:

> All hourly employees employed by CTC between June 2, 2013 and November 1, 2015 in Wisconsin, who worked on a prevailing wage job, and whose names appear on Exhibit A.

The Parties agree to stipulate to certify a collective action under 29 U.S.C. § 216(b). The Collective Class is defined as:

> All hourly employees employed by CTC between June 2, 2013 and November 1, 2015 in Wisconsin, who worked on a prevailing wage job, and whose names appear on Exhibit A.

The stipulation is attached as Exhibit C to this Agreement.

B. Preliminary Approval of Settlement.

5

The Parties will file with the Court, by October 6, 2017, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will prepare the initial draft of these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief:

1. Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2. Certification of this case as a class action under FED.R.CIV.P. 23;

3. Certification of this case as a class action under 29 U.S.C. § 216(b);

4. Appointing Timothy Demeuse as a Class Representative;

5. Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

6. Approving the Notice in the form of Exhibit B for distribution to all Class Members;

7. A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

8. A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

9. A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

6

10. The conducting of a Fairness Hearing on DATE at TIME to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

11. A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs twenty-one (21) days prior to the Fairness Hearing, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

12. A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty (30) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

C. Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty (30) days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for CTC.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to

7

appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

D. Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty (30) days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

E. Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

F. Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1. Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

3. Appointing Demeuse as Class Representative for the Settlement Classes;

4. Appointing Hawks Quindel, S.C. as Class Counsel;

5. Declaring the Settlement Agreement to be binding on CTC, Demeuse, the Collective Class, as well as all of the Rule 23 Class Members who have not been excluded;

6. Dismissing with prejudice the Rule 23 Class Members' released claims;

8

7. Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement; and

8. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

G. Settlement Administration.

If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after ninety (90) days.

2. Issuance of Notice. Within seven (7) days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

   If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3. Payment schedule. In accordance with the Court's to-be-issued order, CTC will deliver to Plaintiff's Counsel settlement checks totaling the amount of the Settlement Funds as previously defined by December 15, 2017. The allocation of each payment is provided in Exhibit A. Within seven (7) days of receiving these checks, Plaintiff's Counsel will mail them to the class members.

4. Cy pres and reversion. Any settlement amount allocated to a Rule 23 Class Member who validly excludes him or herself shall revert to CTC. Any settlement amount allocated to a Collective Class Member who does not return a consent to join form shall revert to CTC. Any portion of the Settlement Fund that remains undeliverable within ninety (90) days after the final payment shall be paid to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. CTC shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not tendered) seven (7) days prior to payment and also provide a copy of the check when it is mailed to The Employee Rights Advocacy Institute for Law & Policy.

5. The Parties agree to work together in good faith to adjust the dates of various deadlines in this agreement should the Court (a) delay in entering an order for preliminary approval, (b) order that any of the settlement administration periods be extended, or (c) delay in entering an order for final approval.

## V. Breach

If CTC breaches this Agreement by failing to make the payments provided herein, CTC shall have fourteen (14) days to cure such a breach. Failure to cure such a breach will result in the stipulated entry of judgment in the form substantially similar to Exhibit D in an amount of $82,750.00 less all settlement amounts paid to date. Plaintiff, the Collective Class, and/or the Rule 23 Class shall be entitled to recover from CTC its attorneys' fees and costs incurred resulting from any breach of this Agreement. The Court shall retain jurisdiction over this matter for this sole purpose. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy. Further, CTC affirmatively states that it does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

## VII. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII. Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Demeuse expressly

acknowledges that he is not relying on advice from anyone from CTC, including CTC's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____  
Dated

_____  
Timothy Demeuse on behalf of himself, the Rule 23 Class, and the Collective Class

10/06/2017  
Dated

Community Traffic Control, LLC

By: *[signature]*

Its: President

11

acknowledges that he is not relying on advice from anyone from CTC, including CTC's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX.  Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X.  Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

   IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

10/6/2017

_____

Dated

DocuSigned by:

/s/ _____
DB28B45AAD6B411...

Timothy Demeuse on behalf of himself, the Rule 23 Class, and the Collective Class

_____

Dated

Community Traffic Control, LLC

By: _____

Its: _____

11